UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICENTE RODRIGUEZ AYON,

Petitioner,

Case No. 1:26-cv-2573

v.

Honorable Paul L. Maloney

MATTHEW PUTRA et al.,

Respondents.

______________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action on September 14, 2026, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24.)

In an order entered on September 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed a Notice that 8 U.S.C. § 1231 governed Petitioner's detention, (ECF No. 4), and filed their response on October 1, 2026. (ECF

No. 5.) Petitioner filed a reply and corrected reply on October 6, 2026, (ECF Nos. 6, 7), and two unopposed motions for leave to file supplemental briefs, with proposed supplemental briefs. (ECF Nos. 8, 9.) Respondents then filed an unopposed motion for leave to file a supplemental brief. (ECF No. 10.)[1] In an order entered on October 26, 2026, the Court granted the parties' unopposed motions for leave to file supplemental briefs and directed Respondents to file a written response and documents. (ECF No. 13.) Respondents filed their second supplemental response and documents on October 29, 2026. (ECF No. 17.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba. (Notice to Appear (NTA), ECF No. 5-2, PageID.72.) He entered the United States on June 10, 1980, and was paroled into the United States. (*Id.*) On July 15, 2010, an Immigration Judge granted a Stipulated Removal and ordered Petitioner removed to Cuba. (Order Immigration Judge, ECF No. 5-3, PageID.76.) Petitioner was released from custody on an Order of Supervision on October 14, 2010, and arrested and detained by ICE on February 18, 2026. (Pinson Decl. ¶¶ 15, 16, ECF No. 5-1, PageID.67.) Petitioner was then served with a Notice of Revocation of Release on February 22, 2026, and served with a removal notice on March 24, 2026, informing Petitioner that he would be removed to Mexico. (*Id.* ¶¶ 17. 18, PageID.68; Notice of Removal, ECF No. 5-4, PageID.78.)

Respondents have attempted to remove Petitioner on two occasions, on approximately May 20, 2026, and October 12, 2026, but Petitioner was not removed on either of those occasions. (Pinson Decl. I ¶ 23, ECF No. 5-1, PageID.68; Pinson Decl. II ¶ 5, ECF No. 10-2, PageID.132.)

[1] On October 21, 2026, Petitioner filed a motion and brief in support of the motion to strike a declaration filed with Respondent's Supplemental Response. (ECF Nos. 11, 12.) As set forth in this opinion, the Court will grant Petitioner's § 2241 petition and order Respondents to release Petitioner from custody. Under these circumstances, the Court denies this motion without prejudice as moot.

Petitioner states that he "has never refused to board any aircraft and has never refused removal," (Pet. ECF No. 1, PageID.9.), and that he informed ICE agents he had not agreed to go to Mexico, but did not refuse to get on a bus or sign any documents. (Pet'r Decl. ¶¶ 4–6, ECF No. 9-2, PageID.118.) Petitioner states that it is "unlikely that Mexico will accept [Petitioner for removal] due to his medical condition" and his age. (Pet., ECF No. 1, PageID.12.) Respondents argue that they have been unable to remove Petitioner due to his lack of cooperation. (Pinson Decl. I ¶ 23, ECF No. 5-1, PageID.68; Pinson Decl. II ¶ 5, ECF No. 10-2, PageID.132.)

In an order entered on October 26, 2026, the Court requested a written response and documents from Respondents relating to their prior attempts to remove Petitioner and any "communications from the Mexico Embassy or other authority of Mexico regarding the acceptance of Petitioner for removal to Mexico and the content of those communications." (Order., ECF No. 13, PageID.140.) In response, Respondents stated that documents relating to the October 2026 removal attempt were "not yet available." (Resp't Suppl. Resp., ECF No. 17, Page ID.166. n1.) Respondents further stated that they have "no knowledge of whether Mexico was advised or consulted regarding the attempted removal of [Petitioner]." (Pinson Decl. III, ECF No. 17-4, PageID.182.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.7; Resp., ECF No. 5, PageID.57.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner contends that his detention is unlawful under *Zadvydas v. Davis* and violates the Fifth Amendment's Due Process Clause because he has been detained since February 22, 2026, and removal is not reasonably foreseeable. (Pet., ECF No. 1, PageID.2.) In response, Respondents argue that Petitioner's detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* and its limitations concerning post-removal detention because removal to Mexico is imminent. (Resp., ECF No. 5, PageID.58.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on April 21, 2025, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which

noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In claiming that removal is not reasonably foreseeable, Petitioner asserts that Mexico will not accept him for removal due to his advanced age and health issues. Petitioner further asserts that he has been flown to different detention facilities, but more than six months have passed since he was detained earlier this year, and he has not been removed to Mexico. (Pet. ECF No. 1, PageID.9, 12; Pet'r Decl. ¶¶ 4–6, ECF No. 9-2, PageID.118).

Under these circumstances, the Court concludes that Petitioner has shown that there is "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *See Zadvydas*, 533 U.S. at 701. In their response, Respondents argue that they have been unable to remove Petitioner due to his lack of cooperation, and in support of this, Respondents provide statements, without documentation as requested by the Court's order of October 26, 2026, that Petitioner twice refused to exit his cell. (Pinson Decl. III ¶ 7, ECF No. 17-4, PageID.181.) Further, Respondents' declarant states generally that ICE "believes they will be able to remove [Petitioner.]" (*Id.*)

However, the record before the Court indicates that Petitioner informed ICE agents that he had not agreed to go to Mexico, but the present record does not show that Petitioner has otherwise refused to cooperate. (Pet'r's Decl. ¶¶ 4–6, ECF No. 9-2, PageID.118.) Further, based on Respondents' declarant's own statements, there is nothing to suggest that Mexico has yet to even

---

the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

consider Petitioner as a candidate for removal, nor is there any evidence that Respondents have obtained a travel document to Mexico for Petitioner. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## V. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the United States Secretary of Homeland Security as a Respondent. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this opinion and corresponding judgment. The Court will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: November 12, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge